### CHARLIE BUCKLEY v. THE STATE.

No. 8044.   Decided January 9, 1924.

**Selling Intoxicating Liquor—Insufficiency of Evidence—No Sale.**

Upon trial of selling intoxicating liquor there was not the slightest testimony that anything was said between the parties about buying the liquor; that any price was agreed on; that any money changed hands; that there was any understanding that it would be paid for in the future at an agreed price; or that the witness had become obligated to pay what it was reasonably worth, the same is insufficient to show a sale and to sustain a conviction.

Appeal from the District Court of Sabine.   Tried below before the Honorable V. H. Stark.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case. - No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—The indictment charges that appellant sold intoxicating liquor to one Lester Mears.   Upon conviction thereunder appellant's punishment was assessed at confinement in the penitentiary for one year.

The contention is made that the evidence fails to show a sale.   An inspection of the statement of facts discloses the correctness of this contention.   Mears testified that he went to appellant's home and asked if appellant knew where a fellow could get some "shinney" to which appellant replied that "he thought so" and promised witness to get him some and told him he would hide it in a tree top between appellant's house and a bridge; that he promised to place the whisky there before Sunday night; that witness looked for it but failed to find it; that some four or five weeks later he saw appellant and asked him about it, to which appellant replied that he had put it in the tree top as he promised to do; that witness went back and found it there.   This is practically all the testimony in the case. There is not the slightest testimony that anything was said between the parties about buying the liquor,—that any price was agreed on,— that any money changed hands,—that there was an understanding that it would be paid for in the future at an agreed price, nor that witness had become obligated to pay what it was reasonably worth. This court can not sustain a judgment condemning appellant to be guilty of the sale of intoxicating liquor upon a record which fails absolutely to show a sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*